IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,          ORDER

  and               11-cv-267-bbc

LORI DUNSE, MYLINDA BROWN and SAMANTHA GAY,

    Intervenor Plaintiffs,

  v.

MISSOULA MAC, INC. d/b/a
McDONALD'S RESTAURANTS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In an order dated May 23, 2012, I directed plaintiffs to submit a list of all the claims they intend to assert at trial and I gave defendant an opportunity to object to the inclusion of any of those claims.  Plaintiffs have submitted their lists and defendant has filed an objection to a claim brought by plaintiff Equal Employment Opportunity Commission on behalf of Sapphire Huffman.  Defendant argues that plaintiff EEOC's discovery responses led defendant to believe that plaintiff had abandoned any claim as to Huffman, which is why defendant did not include that claim in its motion for partial summary judgment.

  Defendant's own summary judgment submissions belie the position it is taking now. In its reply brief in support of its motion for summary judgment, it identified Huffman as

1

one of the employees that was the subject of plaintiff EEOC's claims and it stated that it was not "challenging the claims of . . . Huffman" for the purpose of summary judgment. Dft.'s Br., dkt. #53, at 6-7. With respect to Huffman and several other employees, defendant said that its

> positions regarding those claimants are as follows: certain of the alleged events did not occur; certain events may have occurred, but are embellished or greatly exaggerated; some events did occur, were reported to the employer and appropriate corrective action [was] taken with no recurrence; and some events may have occurred, but were never reported to management.

Id. at 7 n.5.

This discussion shows that defendant was aware that Huffman was still part of the case. Because defendant did not object to Huffman's inclusion in the case at summary judgment, it is disingenuous for defendant to claim now that it was unfairly surprised by plaintiff EEOC's inclusion of Huffman in its claims.

ORDER

IT IS ORDERED that the lists of claims filed by plaintiffs Equal Employment Opportunity Commission, Lori Dunse, Mylinda Brown and Samantha Gay, dkt. ##70 and 71, are APPROVED for trial.

Entered this 13th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge